IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>MARIO GARCIA,<br><br>                Defendant. | **ORDER ON MOTION IN LIMINE 3**<br><br>Case No. 2:16-cr-326<br><br>District Judge Jill N. Parrish |

Before the court is Defendant Mario Garcia's Motion in Limine Regarding Prosecution Exhibits 32 through 44 (ECF No. 214), filed early this morning. The court heard oral argument on the motion this afternoon. For the reasons below, Mr. Garcia's motion is **GRANTED IN PART AND DENIED IN PART**.

Mr. Garcia moves the court to prevent the United States from introducing into evidence Government's Exhibits 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44. These exhibits can be divided into five groups. Exhibits 32–35 are photos of the Gateway Motel, where the alleged shooting of Victor Rodriguez occurred. Exhibits 36 and 37 are photos of Mr. Rodriguez sitting in a chair at the motel with a wound in his thigh. Exhibit 38 is comprised of medical records authored by Andy Avery and Clark Rasmussen as they treated Mr. Rodriguez for a gunshot wound at Intermountain Medical Center. Exhibits 39 and 40 show a man who appears to be Mr. Rodriguez lying in a hospital bed. And Exhibits 41–44 show a gunshot wound in increasing detail.

Mr. Garcia identifies two reasons the photos should not be admitted: first, they are substantially more prejudicial than probative under Rule 403; and second, they run afoul of the Confrontation Clause of the Sixth Amendment.

Under Rule 403 of the Federal Rules of Evidence,

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Exhibits 32, 33, 34, and 35 are clearly probative. They corroborate Officer Nathan Groves's testimony regarding the scene of the alleged shooting and the appearance and medical state of the victim. And the exhibits do not appear to be unfairly prejudicial. They are admissible.

Exhibits 36 and 37 also corroborate Officer Groves's testimony. However, they are graphic in nature. Each depicts a man (presumably Victor Rodriguez), seated in a chair, with what appears to be a gunshot wound to his right thigh and blood streaming down his leg. The graphic nature of the photos does create some danger of unfair prejudice to Mr. Garcia, but the court finds that this danger does not significantly outweigh these exhibits' probative value. They are also admissible.

The government represented at oral argument that it does not intend to introduce Exhibit 38 as evidence. Rather, it intends to use the medical record to refresh certain witnesses' recollections. And counsel for Mr. Garcia indicated that he had no objection to the records' use for that purpose.

Exhibits 39 and 40 do not appear to have significant probative value. They simply show a man (again, presumably Victor Rodriguez) lying in a hospital bed, naked from the waist up, connected to wires and monitors. However, these images do appear to carry a significant danger

of unfair prejudice that would substantially outweigh their probative value. Consequently, they are not admissible.

Exhibits 41–44 are somewhat more probative. They show a bullet wound that corroborates the physicians' testimony regarding Mr. Rodriguez's presentation and treatment at Intermountain Medical Center. They also support the conclusion that Mr. Rodriguez did suffer a gunshot wound (rather than a knife wound, for example). However, the only significant difference between Exhibits 41, 42, 43, and 44 is that the latter exhibits show the wound in increasingly gruesome detail. Displaying all of these exhibits would be needlessly cumulative. Moreover, given their cumulative nature, any additional probative value of the close-up shots would be significantly outweighed by the potential for unfair prejudice. Consequently, Exhibit 41 is admissible. Exhibits 42, 43, and 44 are not.

Mr. Garcia's argument that the exhibits are barred by the Confrontation Clause is meritless. As the Supreme Court explained in *Crawford v. Washington*, the Confrontation Clause "applies to 'witnesses' against the accused—in other words, those who 'bear testimony.'" 541 U.S. 36 (2004). "Testimony, in turn, is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* (internal quotation marks and brackets omitted). The photographs at issue here are not "witnesses" against Mr. Garcia. They cannot "bear testimony" because they cannot declare or affirm anything with a "purpose." Their admission does not violate the Confrontation Clause. *See United States v. Brooks*, 772 F.3d 1161, 1167 (9th Cir. 2014) (holding that admission of photographs of a seized parcel did not violate the Confrontation Clause because the photographs were not witnesses against the defendant); *United States v. Lopez-Moreno*, 420 F.3d 420, 436 (5th Cir. 2005) (holding that

admission of a voter identification card did not violate the Confrontation Clause because it did not involve a witness bearing testimony).

**SO ORDERED.**

Signed April 30, 2018

                                            BY THE COURT

                                            _____

                                            Jill N. Parrish
                                            United States District Court Judge