IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br><br>MARIO GARCIA,<br><br>                          Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**<br><br>Case No. 2:16-cr-326<br><br>District Judge Jill N. Parrish |

Before the court is Defendant Mario Garcia's motion for judgment of acquittal pursuant to Rule 29(a). The court heard oral argument on the motion earlier this afternoon. For the reasons below, that motion is **GRANTED IN PART AND DENIED IN PART**.

The operative indictment charges Mr. Garcia with three counts: conspiracy to distribute methamphetamine, conspiracy to distribute heroin, and using or carrying a firearm during and in relation to a drug trafficking crime. Mr. Garcia pled not guilty, and trial began on April 30, 2018. After the government rested its case, Mr. Garcia moved for judgment of acquittal on all three counts.

Under Rule 29 of the Federal Rules of Criminal Procedure, "[a]fter the government closes its evidence . . . the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In determining whether to grant a motion for judgment of acquittal, the court asks only whether, taking the evidence in the record in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v.*

*McKissick*, 204 F.3d 1282, 1289 (10th Cir. 2000); *United States v. Isaac-Sigala*, 448 F.3d 1206, 1210 (10th Cir. 2006). The court must consider both direct and circumstantial evidence together with the reasonable inferences that can be drawn from the evidence. *McKissick*, 204 F.3d at 1289; *Isaac-Sigala*, 448 F.3d at 1210. The court "must not weigh conflicting evidence or consider the credibility of the witnesses, but simply 'determine whether the evidence, if believed, would establish each element of the crime.'" *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001) (quoting *United States v. Evans*, 42 F.3d 586, 589 (10th Cir. 1994)). Ultimately, "[t]he evidence supporting the conviction must be substantial and do more than raise a suspicion of guilt." *McKissick*, 204 F.3d at 1289.

Viewing the evidence in the record in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt of Counts I and II (conspiracy to distribute methamphetamine and conspiracy to distribute heroin). Consequently, Mr. Garcia's motion is **DENIED AS TO COUNTS I AND II**. However, Count III is a different story.

The government is the master of its indictment. Its drafting of Count III (using or carrying a firearm during and in relation to a drug trafficking crime) requires the government to prove each of the following beyond a reasonable doubt: (1) the defendant committed the crime of conspiracy to distribute methamphetamine, as charged in Count I; (2) the defendant used or carried a firearm; and (3) the defendant's using or carrying a firearm was during and in relation to the crime of conspiracy to distribute methamphetamine. It is important to note that the third element requires that the defendant used or carried a firearm during and in relation to a particular crime: conspiracy to distribute methamphetamine (the subject of Count I). The indictment does not charge the defendant with using or carrying a firearm during and in relation to the crime of

conspiracy to distribute heroin (the subject of Count II). The court's proposed jury instructions reflect this understanding, and the government did not object to the relevant instruction.

Comparing the evidence presented by the government at trial to the allegations in the indictment, there is no question that the evidence presented at trial is not sufficient to sustain a conviction on Count III. Count III requires that the firearm in question be used or carried during and in relation to the crime of conspiracy to distribute methamphetamine alleged in Count I. Viewing the evidence in the light most favorable to the government, the only evidence of a firearm was that the defendant used a firearm on a single occasion to shoot a man named Victor Rodriguez. But no reasonable jury could find beyond a reasonable doubt that the shooting was during and in relation to the conspiracy to distribute methamphetamine alleged in Count I.

Taking the evidence in the record in the light most favorable to the government, there is evidence to suggest that the defendant conspired with a man nicknamed "Chavo" to distribute methamphetamine and heroin, that the defendant actually sold methamphetamine and heroin, and that he sold drugs of some sort to a man named Victor Rodriguez. There is evidence that Victor owed the defendant money for a drug debt of some sort. There is also evidence that the defendant shot Victor in the leg during an attempt to collect this debt. And there is evidence that, while being treated at the hospital for the gunshot wound, Victor reported "a recent crystal meth use and previous heroin use."

The government argued at oral argument that Victor's reported recent crystal meth use would allow the jury to draw the inference that the drug debt giving rise to his shooting was a debt to the defendant for methamphetamine. But Victor also reported previous heroin use. At best, the jury would need to speculate, as opposed to reasonably infer, that the drug debt was related to methamphetamine rather than to heroin. Consequently, no reasonable jury could find

beyond a reasonable doubt that Victor's drug debt to the defendant was related to methamphetamine (as charged in the indictment) rather than to heroin (which the government did not charge) or some other drug entirely. And even if there were sufficient evidence to conclude that the drug debt was for methamphetamine, there is no evidence to suggest that the drug debt was related to the particular conspiracy to distribute methamphetamine alleged in Count I. The burden is on the government to prove each element of each count beyond a reasonable doubt. But the government has not introduced any evidence to discount the possibility that Victor owed the defendant a debt for drugs entirely unrelated to the alleged conspiracy with Chavo. Thus, under Rule 29, Mr. Garcia's motion for entry of a judgment of acquittal must be **GRANTED AS TO COUNT III**.

**SO ORDERED.**

Signed May 2, 2018

                                          BY THE COURT

                                          _____
                                          Jill N. Parrish
                                          United States District Court Judge